UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
BERKELEY PROPERTIES, LLC
14-41048-RLE

Debtor (s)  For the quarter ending: 06/30/2019

The revested debtor hereby submits the following post-confirmation report for this calendar quarter:

1. Date of entry of order confirming plan: 07/01/2015

2. Cash balance at beginning of quarter: $436,733.60
   Total receipts during quarter: $1,520.93
   Proceeds from Loan (see explanation #2b): $1,136,809.95
   Total cash transfers to parent company to funds distributions at parent level (see explanations, #2a)
   Total disbursements during quarter: $214,484.75
   Cash balance at end of quarter: $1,360,579.73

3. Payments made pursuant to the Plan this quarter:

   Total payments to be made pursuant to the Plan:   Payments at parent level only
   Cumulative paid to date:
   Balance remaining to be made under the Plan:

   As of the end of this reporting period                                    Yes       No

4. Are all payments required by the confirmed plan current
   at this time? [If not, attach explanatory statement
   identifying payments not made (by creditor, amount
   and date due), reason for non-payment, and an
   estimated date as to when payments will be brought
   current.]                                                                  X

5. Do you currently anticipate a circumstance/event
   which will cause an interruption or cessation of
   payments or other performance under the Plan?
   (If yes, attach an explanatory statement.)                                 X

6. Have quarterly fees due to the United States
   Trustee to the date of this report been paid
   pursuant to 28 U.S.C. § 1930(a)(6) and the Plan?                           X

---

1  First report shall be filed for the portion of the calendar quarter from date of confirmation to the end of quarter, and subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion or entry of a final decree closing the case. Reports shall be filed with the court and served on the UST not later than twenty (20) days after expiration of the reported period.

|     |                                                                                                                                                                                                                                                                                 | Yes | No |
|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|----|
| 7.  | Have all motions, contested matters, and adversary proceedings been resolved? (If no, for each such pending motion, contested matter or adversary proceeding, identify the parties and nature of the dispute and state the anticipated resolution.) | X   |    |
| 8.  | Has the order confirming the Plan become nonappealable?                                                                                                                                                                                                                           | X   |    |
| 9.  | Have deposits, if any, required by the Plan been distributed pursuant to the Plan? (If no, please explain.)                                                                                                                                                                       | X   |    |
| 10. | Has any property proposed by the Plan to be transferred been transferred pursuant to the Plan?                                                                                                                                                                                    | X   |    |
| 11. | Does any property remain to be transferred pursuant to the Plan? (If yes, identify each such property and the anticipated date of transfer pursuant to the Plan.) | See Explanation X | |
| 12. | Has the revested debtor(s) or the successor of the debtor(s) assumed the business or management of the property dealt with by the Plan? | Plan Administrator as fiduciary. X | |
| 13. | Anticipated date of motion for final decree: | 12/31/2019 | |

I declare under penalty of perjury that the statements set forth above are true and accurate.

| July 5, 2019 | _(signed)_ |
|---|---|
| Dated: | Responsible Individual (signature) |

Matthew English, Manager
Arch & Beam Global LLC, Plan Administrator
Print Name

Note: On September 30, 2015, the Plan went effective with Arch & Beam Global LLC as Plan Administrator.

Current Address:
Second Street Properties & Berkeley Properties LLC
c/o Arch & Beam Global LLC, Plan Administrator
7 W 41st Ave - #523
San Mateo, CA 94403

\* Second Street Properties was previously known as Pacific Steel Casting Company.

Telephone Number:
415-252-2900 x312

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

BERKELEY PROPERTIES, LLC
14-41048-RLE

Debtor(s)   For the quarter ending: 06/30/2019

**Explanatory Statements**

2a. Berkeley Properties LLC is a wholly owned subsidiary of Second Street Properties (related case 14-41045-RLE). As Berkeley Properties LLC owns the real estate assets, all rents and property taxes are paid to Berkeley Properties LLC. All Claims in the Bankruptcy case are against the parent company, Second Street Properties. All distributions to creditors in the future will be made from Second Street Properties. It is the Plan Administrator's contention that any funds moved from Berkeley Properties LLC to Second Street Properties for the purpose of funding a distribution from Second Street Properties to Creditors are NOT disbursements, but rather just intercompany funds transfers. The Plan Administrator has used this logic when calculating the quarterly fees to the US Trustee, as otherwise, there would be a doubling fees that would not be linked to actual disbursements. Therefore, larger US Trustee fees will be paid by Second Street Properties with only the minimal amount from Berkeley Properties LLC. Should the US Trustee have a concern with this, please speak to the Plan Administrator: Matthew English, Arch & Beam Global LLC, ssp.bp.pa@arch-beam.com.

2b. For period 4/1/19 to 6/30/19, a new loan was funded from Rubicon Mortgage Fund, LLC. As part of this, there were payments made directly by Rubicon Mortgage Fund, LLC for property taxes, interest, interest reserves and closing costs of net $363,190.05 that are not included in the disbursements totals.

5. As per our previous communications, it has been the intention of the bankruptcy estate to do an annual distribution each year to creditors. The funds for these distributions were planned to come from the rents received from the Debtor's real estate in Berkeley, CA, after the funding and maintaining of appropriate reserves. The tenant of the Debtor's real estate is Pacific Steel Casting Company LLC ("PSCC LLC"), the company that purchased the Second Street Properties' assets through the bankruptcy.

Distributions to creditors have always been under the assumption that the bankruptcy estate would continue to receive rents from PSCC LLC for the term of the lease as this is the bankruptcy estate's primary source of cash for creditor distributions. Due to its own financial difficulties and shut-down, PSCC LLC vacated the premises on November 28th, 2018. This has created significant uncertainty for the bankruptcy estate for future distributions.

Last year, the Plan Administrator, in consultation with its advisors and with unanimous approval of the Post-Confirmation Committee, made a second distribution of 3.25% of unsecured claims (aggregate of about $500,000) to unsecured creditors in June 2018, representing a 7% distribution case-to-date . Future distributions will be made only should adequate funds be available to make general unsecured distributions and only after setting aside funds for critical reserves. Future distributions will be subject to the resolution of certain disputes and the net proceeds from real estate sales that have unknown timings and amounts. Although these items were identified risk factors inherent with the Plan of Reorganization, it is very disappointing for everyone, especially as our tenant's decision to shut-down is out of our control.

The Plan Administrator has begun steps to sell the ten properties working with its advisors.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

BERKELEY PROPERTIES, LLC
14-41048-RLE

Debtor(s)   For the quarter ending: 06/30/2019

**Explanatory Statements**

11. The Plan contemplates that the Plan Administrator will make periodic distributions to holders of allowed General Unsecured Claims from funds currently on hand and from rents received from the Debtors' real estate in Berkeley, CA, after the funding and maintaining of appropriate reserves. Such interim distributions have been anticipated to be made on an annual basis beginning in 2016. A first priority claims distribution was made on 6/30/16. Distributions to general unsecured creditors were made on 12/21/16 and 6/30/18. These distributions were for only a small fraction of what is owed to creditors (in aggregate, approximately 7%), with additional annual distributions to follow, subject to cash availability. The Debtors' real estate assets are encumbered by a deed of trust that secures potential withdrawal liability under ERISA. In July 2020, if no withdrawal liability had been triggered, then the deed of trust encumbering the real property would be reconveyed as provided in the Plan, and the Plan Administrator could then proceed to market and sell the Debtors' real property and repay creditors with the proceeds. However, as stated above, the beneficiary of the deed of trust, the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 1648 Pension Trust (the "Trust"), sent the Debtors a default letter on 12/28/17 asserting that withdrawal liability under ERISA has been triggered due to PSCC LLC's shut-down and an event of default has occurred under the terms of the deed of trust entitling the Trust to exercise remedies under the deed of trust. It is unclear what the full impact of this asserted default will be as the Plan Administrator is still investigating.

Given the complexity of maintaining these real estate assets and length of the likely sale process, during Q2'2019, Berkeley Properties LLC closed on a new loan for $2MM from Rubicon Mortgage Fund, LLC ("Rubicon"). The proceeds of this new loan will be used to reimburse the Bankruptcy Estate for real estate sale and property maintenance expenses from November 1, 2018 through June 30, 2019 and fund future real estate sale and property maintenance expenses through the real estate sale closing. As part of this loan, a 1st lien on the real estate assets of Berkeley Properties, LLC was given to Rubicon and the Trust subordinated its deed of trust to Rubicon. As of 6/30/19, $1.5MM has been drawn on this new loan.